UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-228 (ESH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY S. MILLS, | : | |
| RODERIC L. BOLING, AND | : | |
| ANNA BOLING | : | |
| | : | |
| Defendants | : | |

**JOINT MOTION TO EXCLUDE PERIOD OF DELAY FROM SPEEDY TRIAL ACT COMPUTATION OF TIME FOR COMMENCEMENT OF TRIAL**

The United States, by and through its attorney, the U.S. Attorney for the District of Columbia and defendants Jeffrey S. Mills, Roderic L. Boling, and Anna Boling jointly move pursuant to 18 U.S.C. § 3161(h) to exclude the period of delay from October 25, 2006, through the currently scheduled trial date of April 30, 2007, from the computation of time under the Speedy Trial Act within which trial of the offenses charged in the above captioned matter must be commenced. For the reasons set forth below, the United States and defendants respectfully request that the Joint Motion to Exclude Period of Delay from Speedy Trial Act Computation of Time for Commencement of Trial be GRANTED.

I.     BACKGROUND

On July 27, 2006, a Grand Jury, sitting in the District of Columbia, returned a nine count indictment charging defendants Jeffrey S. Mills, Roderic L. Boling, and Anna Boling with one count of conspiracy to commit wire fraud and securities fraud, one count of securities fraud, and seven counts of wire fraud. The defendants voluntarily surrendered in Orlando, Florida on August 1, 2006, and appeared for the first time in this Court on August 22, 2006 for arraignment. At the August 22, 2006 arraignment, all three defendants indicated that they were attempting to retain private counsel to represent them, and all three defendants waived application of the Speedy Trial Act for the time

period of August 22, 2006, through the status hearing scheduled for September 14, 2006, so that they could attempt to obtain counsel of their choice. The Honorable Alan Kay, Magistrate Judge, found that the ends of justice were served by allowing the 23 day delay in the 70 day Speedy Trial Act time limit for the commencement of trial, and that the ends of justice outweighed the interest of the public and defendants in a speedy trial. Accordingly, Magistrate Judge Kay excluded 23 days from the computation of time under the Speedy Trial Act within which trial of the instant offenses must be commenced. After the September 14, 2006 status hearing, this court made an ends of justice finding and excluded the 41 days from the September 14, 2006 status hearing to the next scheduled status hearing on October 25, 2006, from the computation of time under the Speedy Trial Act within which trial of the instant offenses must be commenced. On October 24, 2006, the Court continued the October 25, 2006 status hearing to November 3, 2005. The defendants remain on bond.

As the Government informed the Court at the September 14, 2006 and November 3, 2006 status hearings, the evidence gathered during the investigation is voluminous. The government proffers that more than 30 hard drives were obtained during the investigation, and estimates that more than 26,000 pages of discovery has been turned over to the defendants. The government has also turned over numerous CD-ROM disks to the defendants during discovery. The government currently estimates that trial in this matter, which involves allegations of conspiracy and securities fraud, will take between four and five weeks and will involve the testimony of numerous witnesses.

II.    DISCUSSION

The government and the defendants agree and represent to the Court that based upon the voluminous amount of discovery in this case, the anticipated length of trial, and the nature of the prosecution, this is a complex and unusual case for which it is unreasonable to expect adequate preparation for the trial within the limits established by 18 U.S.C. § 3161 by counsel exercising due

diligence. Counsels for the defendants have conferred with their respective clients, and represent that each defendant agrees that it would be in his/her best interest for commencement of trial to be delayed beyond the seventy day period specified in the Speedy Trial Act, 18 U.S.C. § 3162 et. seq., so that counsel and the defendants can be adequately prepared to proceed at trial. The government, counsels for the defendants, and the defendants further agree and represent to the Court that the ends of justice will be served by delaying commencement of trial for an additional 188 days beyond the 70 day Speedy Trial Act time limit for commencement of trial; and that the ends of justice outweigh the defendants' and the public's interests in a more speedy trial date. Accordingly, the government and the defendants move this Court to issue an order, pursuant to 18 U.S.C. §§ 3161(h)8(A), (h)(8)(B)(ii) and (h)(8)(B)(iv), declaring this matter to be a complex case, and excluding the period of delay from October 25, 2006, through the currently scheduled trial date of April 30, 2007, from the computation of time under the Speedy Trial Act within which the trial of the offenses charged in the above captioned matter must commence.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

        _____
        Jonathan R. Barr
        ASSISTANT UNITED STATES ATTORNEY
        Bar No. 437334
        555 4th Street, N.W., Room 5241
        Washington, DC 20530
        (202) 514-9620

        _____
        Thomas Abbenante, Esq.
        Counsel for Roderic L. Boling
        Bar No. 227934
        1919 Pennsylvania Ave., NW, Suite 200
        Washington, D.C. 20006
        (202) 812-0590

_____
Joanne Roney Hepworth, Esq.
Counsel for Anna Boling
Bar No. 339226
601 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20004
(202) 789-0037



_____
Carlos Vanegas, Esq.
Assistant Federal Public Defender
Counsel for Jeffrey S. Mills
Bar No. 447067
625 Indiana Ave., NW Suite 550
Washington, D.C. 20004
(202) 208-7500