UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-228 (ESH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY S. MILLS, | : | |
| RODERIC L. BOLING, AND | : | |
| ANNA BOLING | : | |
| | : | |
| Defendants | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO WAIVE DEFENDANTS APPEARANCE FOR THE JANUARY 26TH STATUS HEARING**

The United States, by and through its attorney, the U.S. Attorney for the District of Columbia, respectfully opposes defendants' Motion to Waive the Appearance of the Defendants for the January 26, 2007 Status Hearing for the reasons et forth herein.

**I.   BACKGROUND**

On July 27, 2006, a Grand Jury sitting in the District of Columbia, returned a nine count indictment charging defendants Jeffrey S. Mills, Roderic L. Boling, and Anna Boling with one count of conspiracy to commit wire fraud and securities fraud, one count of securities fraud, and seven counts of wire fraud. On November 3, 2006, this Court held a status hearing in this matter. At the status hearing, the Court set a tentative trial date of April 30, 2007, with the understanding that it was not clear whether Counsel for defendant Roderic L Boling would be available on April 30, 2007, for trial. On November 3, 2006, the Court also scheduled a status hearing for January 26, 2007, at 10:00 a.m., which each of the defendants agreed they could attend, so that the issue of the trial date as well as other scheduling and substantive issues could be addressed. Defendant Mills, characterizing the present request to waive appearance of the defendants as an "exceptional" one, now seeks to have the appearance of the defendants at the status hearing waived due to air fare cost considerations.

## II.    ARGUMENT

The United States opposes the defendants' request to have their appearance at the January 26, 2007 status hearing waived for the following reasons.  First, it does not appear that, even at this late date, air fares for the defendants to travel from Orlando to the District of Columbia for the scheduled hearing are prohibitively expensive.  For example, an internet search reveals that there are U.S. Air Flights available arriving into National Airport at 9:07 a.m. on January 26, 2007, and returning to Orlando, Florida the same day for $183 per ticket (including taxes and fees).  Second, the United States intends to seek a short continuance of the April 30, 2007 tentative trial date because the April 30, 2007 date conflicts with the April 28, 2007 wedding date and honeymoon plans of the case agent.[1]  The presence of the defendants is necessary to preserve the record, to deal with Speedy Trial Act waiver issues that may arise at the status hearing, and to deal with any other substantive issues for which the defendants' input or consent my be required.  Third, the presence of the defendants is advisable to assure that they continue to abide by their conditions of release.  The self described "exceptional" relief the defendants seek is neither necessary nor justified under the circumstances.

---

[1] Although the case agent's wedding plans were set prior to the November 3, 2006 status hearing, Counsel for the United States did not become aware of the conflict until after the Court had adjourned the November 3, 2006 status hearing.

## III.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that defendants' Motion to Waive Defendants' Appearance for the January 26th Status Conference be DENIED.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                United States Attorney

                                _____
                                Jonathan R. Barr
                                ASSISTANT UNITED STATES ATTORNEY
                                Bar No. 437334
                                555 4th Street, N.W., Room 5241
                                Washington, DC 20530
                                (202) 514-9620