UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 06-228-01(ESH) |
| v. | ) ) ) |  |
| JEFFREY SCOTT MILLS | ) ) ) |  |

**DEFENDANT'S MOTION TO SEVER DEFENDANTS**

Defendant Jeffrey Scott Mills, through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 14 respectfully moves the Court to sever his case and trial from defendants Roderic Boling and Ana Boling. A joint trial with co-defendants Ana Boling and Roderic Boling will severely prejudice Mr. Mills. Accordingly, Mr. Mills requests the Court, in the interests of justice, to sever his case from that of his co-defendants.[1]

**BACKGROUND**

**1.    Procedural Background**

Mr. Mills is before the Court charged in a multi-count indictment with Conspiracy, Wire Fraud, Attempted Wire Fraud, Securities Fraud and Aiding and Abetting. On January 26, 2007 the parties appeared before the Court for a Status Conference. During the hearing the Court scheduled

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Mills's right to later supplement this motion and/or file additional motions which may be appropriate in his case. Additionally, undersigned counsel has spoken to Robert Switzer, Esq. who was retained by Mr. Mills to represent him in his criminal case before the Court. Mr. Switzer indicated that he will shortly enter his appearance. Undersigned counsel will file a Motion to Extend the Filing Deadline in order to accommodate Mr. Switzer.

the trial date and the deadline for the submission of pre-trial motions. .

**2.     Factual Background**

The charges in this case arise out of an alleged conspiracy by the charged defendants in which they sought to publicly and fraudulently promote the stock of a various company through a scheme commonly known as "pump and dump". The manner and means of the "pump and dump" scheme consisted of the nationwide distribution of hoax telephone messages delivered according to the specific instructions of the defendants.

The government alleges in the indictment that the voice promoting the hoax or fraudulent messages is the voice of Ana Boling. The government further alleges that the actual distribution of hoax messages provided by Ana Boling were delivered by the Telephone Broadcasting Company and its affiliate Telephone Leasing Corporation. The indictment charges that Telephone Broadcasting Company was owned by Michael O'Grady. Michael O'Grady has entered a guilty plea before the Court for his participation in the distribution of the hoax voice messages.

The indictment charges that Michael O'Grady was hired by Roderic Boling to carrying out the distribution of the hoax voice messages, and that at all times it was Roderic Boling who provided specific instruction to Michael O'Grady regarding how and when the hoax messages should be distributed. There is no evidence and the indictment does not charge that Mr. Mills hired or instructed anyone at anytime when and how the hoax messages should be distributed.

## DISCUSSION

The Court has discretion pursuant to Federal Rule of Criminal Procedure 14(a) to sever Mr. Mills' case and trial from co-defendants Ana Boling and Roderic Boling. Mr. Mills moves for Severance based on the weight of the evidence against Mr. Mills' co-defendants and the paucity of

evidence against him. The indictment charges a number of discreet acts where co-defendant Roderic Boling specifically gave instructions in furthering the goals of the "pump and dump" scheme. There is no evidence that Mr. Mills had any role in the scheme. Because the evidence against co-Defendants Ana and Roderic Boling is far more damaging, there will be a significant prejudicial effect on Mr. Mills which will deprive him of a fair trial. United States v. Tarantino, 846 F.2d 1384,1398 (D.C. Cir. 1988).

In United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) the court recognized that when the evidence against one defendant is substantially more damaging than against the other, severance is appropriate. The critical determination, the court stated, is whether a jury could reasonably compartmentalize the evidence introduced against each individual defendant. In the instant case, compartmentalization would be difficult. Moreover, Mr. Mills has "the right not to be tried en masse for the conglomeration of distinct and separate offenses committed by others." Kotteaskos v. United States, 328 U.S. 750, 775 (1946).

Mr. Mills' case and trial require severance based on mutually antagonistic defenses. Because Mr. Mills was not responsible for enlisting and hiring the Telephone Broadcasting Company and then creating and directing the content and the manner in which the hoax voice messages were delivered and distributed he does not have to defend against those allegations. Yet the allegations surrounding the voice messages are the center of the government's case since the messages constituted the "dump and pump" scheme. Since Mr. Mills doesn't have the burden to take on the voice mails he faces the danger "[t]hat the jury will unjustifiably infer that this conflict alone demonstrates that both [he and the co-defendants] are guilty" United States v. Rhone, 365 F.2d 980, 381 (D.C. Cir. 1966).

3

Finally, Mr. Mills "[s]hould not be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." United States v. Boscia, 573 F.2d 827, 833 (3rd Cir. 1978).

**CONCLUSION**

For the foregoing reasons, defendant Jeffrey Mills requests this Court to grant a severance an order separate trials.

                                                Respectfully submitted,

                                                A.J. Kramer
                                                Federal Public Defender

                                                _____/s/_____
                                                Carlos J. Vanegas
                                                Assistant Federal Public Defender
                                                625 Indiana Ave., N.W., Suite 550
                                                Washington, D.C.  20004
                                                (202) 208-7500