IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

------------------------------------------
**UNITED STATES OF AMERICA** :
    v. :
**JEFFREY S. MILLS,** :
**RODERIC L. BOLING, AND** :   Case No. 1:06-CR-00228-ESH-1
**ANNA BOLING,** :
   :
   **Defendants** :
   :
------------------------------------------

MOTION FOR A BILL OF PARTICULARS AND
MEMORANDUM IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA, WASHINGTON, DC

Now comes the defendant, JEFFREY S. MILLS and by and through his undersigned Counsel, moves this Honorable Court pursuant to Rule 7(f), of the Federal Rules of Criminal Procedure, for an Order directing the United States of America to file a Bill of Particulars as to the following matters embraced within the Indictment herein:

I

In paragraph 17-20, it is averred:

It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING caused the creation and nationwide distribution hoax voice mails containing the voice of ANNA BOLING to fraudulently induce unwitting investors to purchase shares of stock at artificially inflated prices.

How is it alleged Jeffrey S. Mills created and distributed the alleged voice mails?

II

In paragraph 27 it is alleged:

In or about July and August 2004, defendant JEFFREY MILLS spoke to an unindicted co-conspirator and agreed to conduct an investors campaign to promote PWRM stock in return for a promised large cash payment.

Who is this unindicted co-conspirator and where is this conversation supposed to have occurred?

III

In paragraphs 43-52 it is averred:

"On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of [various unnamed persons]

How is it alleged Jeffrey S. Mills is supposed to have caused TBC to have placed these calls, and to whom were they placed?

IV

The fact that the indictment or information is valid is no defense to a motion for Bill of Particulars, *United States v. Faulkner* (Wis. 1971) 53 F.R.D. 299, at p. 310, since the underlying purpose of Rule 7(f) is not to cure defects in the Government's pleading, but rather to ". . . furnish the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial". *United States v. White* (W.D. Mo. 1954) 16 F.R.D. 372, at p. 375; *United States v. Haskins* (Sixth Cir. 1965) 345 F 2nd 111, at p. 114; *Pipkin v. United States* (Fifth Cir. 1957) 243 F 2nd 491; *United States v. Bearden* (Fifth Cir. 1970) 423 F 2nd 805, at p. 809. And, where the information sought is necessary to the preparation of a defense or to prevent surprise, then the ". . . accused is entitled

to this 'as of right'" regardless of whether such disclosure would be privileged otherwise. *United States v. White* (W.D. Mo. 1954) 16 F.R.D. 372, 8 Moores, Federal Practice--Criminal Rules Sec. 7.06[2] Wright, Federal Practice and Procedure, Criminal Sec. 129, at pp. 282-283. *See also United States v. United States Gypsum* (D.D.C.) 37 F. Supp. 398, at p. 402; *Singer v. United States* (Third Cir.) 58 F 2d 74; *United States v. Allied Chemical & Dye Corp.* (D.D.C.) 42 F Supp. 425, at p. 428; *Fontana v. United States* (Eighth Cir.) 262 F. 283.

## NAMES OF CO-CONSPIRATORS

The names of all co-conspirators requested in Defendant's Motion, who are not named in the indictment but are known to the prosecution, should be provided by the Government by Bill of Particulars. *United States v. Tanner* (N.D. Ill. 1967) 279 F Supp. 457, at p. 475; *United States v. Baker* (D.D.C. 1966) 262 F Supp. 657, at p. 675; *United States v. Pilnick* (S.D. N.Y. 1967) 267 F Supp. 791, at 801; *United States v. Burgio* (S.D. N.Y. 1968) 279 F Supp. 843, at p. 846.

## OVERT ACTS

The overt acts requested in Defendant's Motion which are not specified in the indictment but which the Government contends were committed in the furtherance of the alleged conspiracy and upon which the Government may rely at trial should be provided by the Government by Bill of Particulars, *United States v. Leach* (First Cir. 1970) 427 F 2nd 1107, at p. 1110, cert. den. 406 U.S. 829; *United States v. Pilnick* (S.D. N.Y. 1967) 267 F Supp. 791, at p. 801; *United States v. Baker* (D.D.C. 1966) 262 F Supp. 657, at p. 675, at p. 675; *United States v. Tanner* (N.D. Ill. 1967) 279 F Supp. 457, at p. 478.

## TIME AND PLACE
## OF OVERT ACTS

The precise time of day, place and city where the overt acts of the alleged conspiracy were

committed which are requested in Defendant's Motion should be produced by the Government by Bill of Particulars, since the defendant is entitled to be apprised of the precise time of day and place within a city in which an offense is alleged to have occurred, *United States v. Smith* (N.D. Mo. 1954) 16 F.R.D. 372; *United States v. Giramonti* (D. Conn. 1960) 26 F.R.D. 168; *United States v. Baker Brush Co.* (S.D. N.Y. 1961) 197 F Supp. 922; *United States v. Dean* (S.D. N.Y. 1966) 266 F Supp. 159; *United States v. Wilson* (S.D. N.Y. 1957) 20 F.R.D. 569; *United States v. Lubowski* (N. D. Ill. 1967) 277 F Supp. 713; *United States v. Burgio* (S.D. N.Y. 1968) 279 F Supp. 843, at p. 846, as well as the time and place where each overt act of a conspiracy is alleged to have been performed. *United States v. Crisona* (S.D. N.Y. 1967) 271 F Supp. 150, at p. 156; *United States v. Tanner* (N.D. Ill. 1967) 279 F Supp. 457, at p. 475.

## WHEN, WHERE AND HOW DEFENDANT BECAME MEMBER OF CONSPIRACY

The time, date, place and manner in which the defendant is alleged to have become a member of the charged conspiracy requested in Defendant's Motion should be provided by the Government by Bill of Particular. *United States v. Tanner* (N.D. Ill. 1967) 279 F Supp. 457, at p. 474.

## HOW DEFENDANT AIDED AND ABETTED

The manner in which the defendant is alleged to have aided, abetted, counselled, commanded, induced, procured or caused the commission of the offense requested in Defendant's Motion, including the dates, places and nature of the acts by which it is claimed the defendant accomplished same, should be provided by the Government by Bill of Particulars. *United States v. Baker* (D.D.C. 1967) 262 F Supp. 657, at p. 674. *See also United States v. Tucker* (Sixth Cir. 1973) 473 F 2d 1290; *United States v. Burgio* (S.D. N.Y. 1968) 279 F Supp. 843, at p. 843;

*United States v. Bel-Mar Laboratories* (E.D. N.Y. 1968) 284 F Supp. 873, at p. 888.

> Respectfully submitted,
>
> /S/
> ROBERT O. SWITZER
> State Bar No. #19590300
> 111 Soledad Street, Suite 1200
> San Antonio, Texas  78205
> (210) 299-1053 Telephone
> (210) 299-1482 Facsimile
> Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Dismiss has been mailed to the U.S. Department of Justice, United States Attorney, United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC  20530 on this the  9th day of March 2007.

/S/

ROBERT O. SWITZER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

-------------------------------------------

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | |
| **JEFFREY S. MILLS,** | : | |
| **RODERIC L. BOLING, AND** | : | Case No. 1:06-CR-00228-ESH-1 |
| **ANNA BOLING,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

ORDER

On this date came on to be considered Defendant's Motion for Bill of Particulars and Memorandum in Support and said Motion is hereby

(GRANTED)   (DENIED).

ENTERED this _____ day of _____, 2007

_____

U.S. DISTRICT JUDGE