IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | |
| **JEFFREY S. MILLS,** : | |
| **RODERIC L. BOLING, AND** : | Case No. 1:06-CR-00228-ESH-1 |
| **ANNA BOLING,** : | |
| : | |
| **Defendants** : | |
| : | |

---

<u>SECOND MOTION FOR SEVERANCE AND INCORPORATED MEMORANDUM</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, DISTRICT OF COLUMBIA, WASHINGTON, D.C.

Now comes JEFFREY S. MILLS, defendant in the above styled and numbered cause, and moves that this Honorable Court order separate trials pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal Procedure, and, for good cause, shows the following:

I.

It is well-settled law that Rule 8(b) of the Federal Rules of Criminal Procedure provides defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 14 of the Rules, in turn, permits a district court to grant severance of defendants if "it appears that a defendant or the government is prejudiced by a joinder. *Zafiro v. United States*, 506 U.S. ___, 122 L.Ed 2d 317, 324, 113, S.Ct 933 (1993). Denial of Motion for Severance is reversible only for abuse of discretion. United States v. Restrepo, 994, F.2d 173, 186 (5th Cir.1993); *United*

*States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992). *cert denied* 113 S.Ct. 2349 (1993)

Unlike a classic *mala per se* case such as robbery or possession of narcotics, the *case sub judice* alleges sophisticated stock fraud and wire fraud violations; charges which are probably outside the ordinary realm of criminal behavior the average juror might easily understand. Therefore, the factors in *Zafiro* take on an added importance

### *ZAFIRO* FACTORS

Among the factors the court must consider in determining whether the prejudice of a joint trial rises to the level of a "miscarriage of justice" are the following: the number of defendants and the number of counts; the complexity of the indictment; the estimated length of the trial; disparities in the amount or type of proof offered against the defendants; disparities in the degrees of involvement by defendants in the overall scheme;  possible conflict between various defense theories or trial strategies; *and especially prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant*. Zafiro, Supra (Emphasis added)   There are no precise test applicable to one or a combination of these factors that can provide a foolproof resolution under Rule 14.  See *United States v. Moten*, 564 F.2d 620, 627 (2d Cir.1977).  None of the factors are themselves dispositive.  It is the risk of prejudice which is controlling.

> As noted in *Zafiro*, supra:
>
> "Such risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.  For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.  When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.  See *Kotteakos v. United States*, 328 US 750, 774-775, 90 L.Ed. 1557, 66 S.Ct. 1239 (1946)." *Zafiro* at 122 L.Ed.2d 325.

Such is the case here. This is a complex case, and has been so designated by this Court. The estimated length of trial is six to ten weeks. The crux of the Government's allegations is that fraudulent voice mails were left on answering machines to induce the recipients to invest in stocks. While the Government alleges defendant Roderic Boling directed Michael O'Grady to arrange this through O"Grady's telemarketing company TBC , and indeed wishes to present evidence of a prior telemarketing relationship between Boling and O'Grady, there is nothing in the indictment beyond Defendant Mills "caused" TBC to broadcast averred fraudulent voice mails to show Mills' relations with TBC. Moreover, the very real possibility of antagonistic defenses between the co-defendants militates in favor of severance, as well as Co-defendant Boling's extensive criminal history, which the Government has given notice it intends to elicit at trial.

## PREJUDICIAL SPILLOVER

Perhaps most troubling to the issue of a joint trial is the Government's stated intention to introduce Defendant Boling's past criminal convictions. The Government filed a seven page Motion In Limine to introduce evidence of Defendant Boling's prior convictions. These are averred to include theft, fraud, forgery, Grand larceny, and obstruction of justice   These offenses resulted in multiple prison sentences. This is exactly the type of evidence that creates prejudicial spillover to Defendant Mills (warned against in *Zafiro)* and danger to Defendant Boling as described in *DeLuna.*

In United States v. Fisher, ___F.3d ___1997 WL 60904 (5th Cir. Feb 13, 1997), Fisher argued that the introduction of a void contempt conviction against co-defendant Carney caused a prejudicial spillover effect to Fisher's right to a fair trial, and to his right to be judged independently by the jury. The government responded that whether to sever the defendants is a

matter within the trial court's discretion, and that denial of severance was reversible only for an abuse of that discretion. This court held that while mid-trial severance is an extraordinary measure, the damaging testimony improperly admitted against Carney poisoned the entire trial to the extent the verdict against Fisher was suspect.

> [I]n all cases, the Court should be mindful of the serious risks of prejudice and overreaching that are characteristic of joint trials, particularly when a conspiracy count is included in the indictment. Justice Jackson's eloquent description of these concerns in this separate opinion in *Krulewitch v. United States* 336 U.S. 440, 454, 93 Led 790, 69 S.Ct. 716 (1949), explains why there is much more at stake here than administrative convenience. See also *United States v. Romanello*, 726 F.2d 173 (CA5 1984)" *Zafiro*, Supra at 122 Led.2d 329.

## DE LUNA SEVERANCE

A *De Luna* severance arises where one of the jointly tried co-defendants takes the stand offering a conflicting defense or implicating the defendant. *DeLuna* v. US, 308 F.2d 140 (5th Cir.1962), *cert denied*, (1963) 324 F2d 375; *Peel v. US*, 316 F2d 907, (5th Cir, 1963) Some courts have based such severance on the ground that to require a defendant to go to trial jointly with a co-defendant who is going to lay the blame on him would required the defendant to defend against "two adversaries, the United States and [his] co-defendant," *US v. Valdez*, 262 F.Supp 474 (D. Puerto Rico, 1967) [holding such to constitute a denial of the defendant's due process right to a "fair and impartial trial"]. Contra: *US v. Soto*, 256 F.2d 729 (7th Cir. 1958); *US v. Carter*, 401 F.2d 748 (3rd Cir. 1968), *cert denied*, 393 US 1103 (1969).

Other courts have based severance in such situations upon the testifying co-defendant's right to comment upon the non-testifying defendant's failure to take the stand, and the effect this has upon his Fifth Amendment privilege. The testifying co-defendant's "...attorneys should be free to draw all rationale inferences from the failure of a co-defendant to testify, just as an attorney is

free to comment on the effect of any interested party's failure to produce material evidence in his possession or to call witnesses who have knowledge of pertinent facts." *Deluna v. US* 308 F.2d 140, 150-155 (5th Cir 1962)*; Griffin v. California,* 380 US 609 (1965).  Severance is required, then, by the competing rights of the testifying co-defendant to comment upon the defendant's failure to take the stand and the non-testifying defendant's right to be free from such comment upon his exercise of a constitutional right  *Deluna v. US, Supra.*

## ANTAGONISTIC  DEFENSES

Athough the party seeking a severance bears a heavy burden, he satisfies it by demonstrating that a compelling prejudice will result from the joint trial of persons who assert antagonistic defenses.  In *United States v. Johnson*, 478 F.2d 1129, 1132 (5th Cir. 1973) one defendant claimed he was innocent and had not even been present when the crime was committed. The other defendant admitted he and his co-defendant had committed the *acts* alleged, but denied that he personally had the requisite intent to defraud.  Noting that these two defenses were completely antagonistic, the Fifth Circuit held that the trial court erred in denying the severance, and reversed the conviction.  *Id* at 1134, *Accord, United States v. Crawford,* 581 F2d 489, 492 (5th Cir. 1978) ("defenses asserted...were irreconcilable as well as mutually exclusive").  In the present case, Mr. Mills' defense of "I did not do it" is completely antagonistic, irreconcilable and mutually exclusive with Mr. Boling's defense of "I had no intent to defraud." *See United States v. Reed,* 376 F2 226, 229 (7th Cir. 1967) And where co-defendant's witnesses or defenses, not adopted by defendant, are incredulous, *US v. Gambrill*, 449 F.2d 1148 (D.C. Cir. 1971), severance is proper.

## LIMITING INSTRUCTIONS WOULD BE
## ADEQUATE TO PREVENT HARM

As noted in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968): "[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Accordingly Rule 14 requires a severance.

Respectfully Submitted

/S/
ROBERT O. SWITZER
State Bar No. 19590300
111 Soledad St, Suite 1200
San Antonio, TX  78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant's Motion has been mailed to the United States Department of Justice, United States Attorney'S Office, 555 Fourth Street, NW, Room 5919, Washington, DC  20530 on this the 9th day of March 2007.

/S/

ROBERT O. SWITZER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

------------------------------------------------
| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : |
| **JEFFREY S. MILLS,** | : |
| **RODERIC L. BOLING, AND** | :   Case No. 1:06-CR-00228-ESH-1 |
| **ANNA BOLING,** | : |
| | : |
| **Defendants** | : |
| | : |

------------------------------------------------

On this date came on to be considered Defendant's Second Motion for Severance and Incorporated Memorandum, and said Motion is hereby

(GRANTED)   (DENIED)

ENTERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE