IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

------------------------------------------
**UNITED STATES OF AMERICA** :
   v. :
**JEFFREY S. MILLS,** :
**RODERIC L. BOLING, AND** :   Case No. 1:06-CR-00228-ESH-1
**ANNA BOLING,** :
                                      :
         **Defendants** :
                                       :
------------------------------------------

## MOTION FOR DISCLOSURE OF ELECTRONIC
## OR OTHER SURVEILLANCE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA, WASHINGTON, D.C.

Now comes the defendant JEFFREY S. MILLS, who by and through his undersigned Counsel respectfully moves this Honorable Court pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 2510-20 and 3504 and Rules 12(d)(2), 16 and 41 of the Federal Rules of Criminal Procedure for an order compelling the Government to disclose the following:

    1.    Any and all voice records, tapes, mechanical or electrical recordings, pen register data, logs, records, memoranda, letters and airtels of any electronic or other surveillance:

        (a)    of any wire or oral communications to which any defendant was identified as a party;

        (b)    of any wire or oral communications at any place in which any defendant has

        an "interest" at the time of surveillance; "interest" meaning any property right or any other nexus of use and reasonable expectation of privacy;

  (c)    of any wire or oral communications intercepted for the purpose, in whole or in part, of gathering evidence or leads against or were directed against defendant;

  (d)    of any wire or oral communication in which defendant is named or otherwise referred to;

  (e)    of any wire or oral communications intercepted pursuant to warrant or application in which the defendant's name appears, or which warrant or application was based upon investigatory memoranda or affidavit in which defendant's name appears;

  (f)    of any wire or oral communications at any place in which defendant has known or believed to have been at the time of the surveillance.

2. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications set out in the 1(a)-(f), as to any co-defendants, unindicted co-conspirators.

3. Any and all actual voice records, tapes, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications to which any attorney for defendants, his agents or employees was a party and any conversation at which said attorney, his or her agents, or employees are present;

4. Any and all actual voice records, tapes, mechanical or electrical recordings, logs,

records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications allegedly to defendant to which a party to that conversation allegedly "consented";

5. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications which are arguably exculpatory under *Brady v. Maryland*, including those which would impeach or contradict the expected testimony of any Government witness.

6. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters and airtels or any electronic or other surveillance of wire or oral communications such as are described in 1 through 5, which surveillance revealed the existence of said conversations but not the contents;

7. As to any electronic or other surveillance set out in 1-6, for which there are no voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters or airtels, the names and business addresses of the persons who conducted said surveillance or who have knowledge of said surveillance;

8. As to the requests set out in Section 1-7, same embrace electronic or other surveillance undertaken not only by the United States, its agents and employees but by any governmental agency [including state or local] and by any private persons or corporations now known to the Government or which may become known to the Government;

9. As to the request for any electronic or other surveillance set out in Section 1-8,

        which this Honorable Court might deny said demand then defendant would respectfully request the Court to order the Government to acknowledge whether or not same exist or were in existence as well as the circumstances of same. By "circumstances" same is meant to include the date and place of the surveillance, the duration of the surveillance and the manner in which it was conducted;

10. Any and all applications, affidavits, memoranda and other papers submitted in support of applications for executive, administrative or judicial approval of such surveillance as described above and all administrative, judicial and executive orders, opinions and decisions responsive thereto or relating to the surveillance described;

11. Notice that the Government intends to use any or all of the actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance requested, or any evidence derived therefrom as evidence in chief at trial.

    The requests herein made seek not only disclosure of surveillance presently known to the Government but that which in the exercise of due diligence may become known thereto. Government Counsel has provided previous Trial Counsel with some audiotapes and CD's and may have already compiled with the request herein. However, to the extend (if any) this has not been provided, Defendant urges this motion.

    Defendant further respectfully moves this Honorable Court for an order of continuing disclosure the items herein sought under Federal Rules of Criminal Procedure 16 and any applicable local rule or rules, and for entry of an order directing the Government to conduct a

search before trial of the files of every federal agency conducting electronic surveillance, investigating defendants, and all agencies cooperating with same surveilling and investigating agencies in order to determine whether there has been electronic surveillance as described herein.

Defendant reserves the right to move for, based upon the disclosures requested herein, defendant may desire an evidentiary herein prior to trial to determine:

(a) whether the Government has fully complied with the Order of this Court;

(b) the standing of defendant to raise the issue of the legality of any of said electronic or other surveillance;

(c) the legality of any of said electronic or other surveillance;

(d) the extent to which said surveillance tainted the commencement of the investigation of defendant, the

evidence upon which the indictment is based, and that which the Government intends to use at trial.

Defendant further moves that in the event said hearing should disclose that the indictment herein was obtained, or the investigation of defendants, or some of them, commenced in reliance upon illegally obtained evidence, the indictment be dismissed, and in the event said hearing should disclose that the Government's evidence is the product of illegal electronic surveillance, such evidence be suppressed.

Respectfully submitted:

\

/S/
ROBERT O. SWITZER
State Bar No #19590300
111 Soldedad Street, Suite 1200
San Antonio, TX  78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Disclosure of Electronic and other Surveillance has been mailed to the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, D.C.  20530 on this the 9th day of March 2007.

/S/
ROBERT O. SWITZER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

------------------------------------------
**UNITED STATES OF AMERICA**          :
    **v.**                                            :
**JEFFREY S. MILLS,**                      :
**RODERIC L. BOLING, AND**       :     Case No. 1:06-CR-00228-ESH-1
**ANNA BOLING,**                          :
                                                      :
    **Defendants**                          :
                                                      :
------------------------------------------

ORDER

On this date came on to be considered Defendant's Motion for Disclosure of Electronic or Other Surveillance, and said Motion is hereby

(GRANTED)   (DENIED).


ENTERED this _____ day of _____, 2007.


_____
U.S. DISTRICT JUDGE