IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

------------------------------------------
**UNITED STATES OF AMERICA**             :
    v.                                         :
**JEFFREY S. MILLS,**                    :
**RODERIC L. BOLING, AND**               :    Case No. 1:06-CR-00228-ESH-1
**ANNA BOLING,**                         :
                                         :
        **Defendants**                   :
                                         :
------------------------------------------

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
DISCLOSURE OF ELECTRONIC AND OTHER SURVEILLANCE

FOURTH AMENDMENT

Interception of conversations by means of electronic surveillance is governed by the Fourth Amendment. *Katz v. United States*, 389 U.S. 347 (1967) ["Included, we have expressly held that the Fourth Amendment governs not only the seizure of tangible terms, but extended as well to the recording of oral statements", at p. 353]. And, in *Alderman v. United States*, 394 U.S. 165 (1969) the Supreme Court established that all electronic surveillance of a defendant must be disclosed in adversary proceedings before its legality, relevancy, or the defendant's standing can be determined by a trial court. At p. 182. See also: *United States v. Ivanor* (3rd Cir. 1974) 494 F.2d 593, cert. den. 394 U.S. 165.

> [W]e conclude that surveillance records as to which petitioner has standing to object should be turned over to him without being screened in-camera by the trial judge. Admittedly, there may be much learned from an electronic surveillance which ultimately contributes nothing to the probative evidence. But winnowing this material from those items which might have made a substantial contribution to the case against a petitioner is a task which should

> not be entrusted wholly to the court in the first instance.  It might
> be otherwise if the trial judge had only to place the transcript or
> other record of the surveillance alongside the record evidence and
> compare the two for textual or substantive similarities.  Even that
> assignment would be difficult enough for the trial judge to perform
> unaided.  But a good deal more is involved.  An apparently
> innocent phrase, a chance remark, person or event, the identity of a
> caller or the individual on the other end of a telephone, or even the
> manner of speaking or using words may have special significance to
> one who knows the more intimate facts of an accused.  And yet that
> information may be wholly colorless and devoid of meaning to one
> less well acquainted with all relevant circumstances.  Unavoidably,
> this is a matter of judgment; but in our view, the task is too
> complex, and the margin for error too great, to rely wholly on the
> in-camera judgment of the trial court to identify those records
> which might have contributed to the government's case.

The defendant's need to know is substantial in light of the timeliness requirements [18 U.S.C. § 2518(10)(A); Rules 12 and 4, F.R. Cr.P.] relating to his Motion to Suppress.  *United States v. Rosenberg* (S.D. N.Y. 1969) 299 F. Supp. 1241, at p. 1245; *United States v. Lumbowski* (N.D.I11. 1967) 277 F.Supp. 713, at p. 721; *United States v. Fainberg* (7th Cir. 1974) 502 F.2d 1180, cert. den. 420 U.S. 926 (1975).

Furthermore, the "Due Process" Clause would require disclosure of all such favorable evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bryant* (D.C. Cir. 1971) 439 F.2d 642, at pp. 647-8 and unlike a conventional search where a defendant is at least generally aware of the occurrence of the search and what has been seized as well as his entitlement to an inventory under Rule 41, Fed. R. Crim. Proc., the subject of electronic surveillance may not be apprised of sufficient facts to challenge same unless disclosure is made.

More importantly, the "bare claim" itself is legally sufficient to require an affirmative or negative response from the Government.  *United States v. Vielguth* (9th Cir. 1974) 502 F.2d 1257; *United States v. Toscanino* (2nd Cir. 1974) 500 F.2d 267; *In Re Evani* (D.C. Cir. 1971)

452 F.2d 1299.

## TITLE III OF OMNIBUS CRIME CONTROL AND SAFE STREETS ACT OF 1968

[18 U.S.C. § 2510-20 and 3504]

Section 2515 of the "Omnibus Crime Control Act expressly prohibits any use of illegally intercepted conservations . . . in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State or a political subdivision thereof. . ."

In fact, the safeguards prescribed by § 2515 far outstrip even those provided by the Fourth Amendment.  *Gelbard v. United States of America*, 408 U.S. 41 (1972); *United States v. Calandra*, 414 U.S. 338 (1974).

### RULE 16(a)(1)(A), FEDERAL RULES OF CRIMINAL PROCEDURE

Rule 16(a)(1)(A) requires in mandatory terms that the Government "shall make pre-trial disclosure of all recordings of a defendant's voice, superceding any discretionary disclosure provision of 18 U.S.C. § 2518.  More importantly, Rule 16(a)(1)(A) makes specific provision that the Agent for the Government "exercise due diligence" in ascertaining the existence of recorded statements of a defendant, and same applies to intercepted conversations.  *United States v. Gladney* (1st Cir. 1977) 563 F2d 491, at p. 494.

### CONCLUSION

In order to afford this defendant his constitutionally protected rights under the Fourth Amendment as well as his right to seek suppression of illegally obtained evidence under Rules 12 and 41 of the Federal Rules of Criminal Procedure and and 18 U.S.C. § 2515, as well as the evidentiary "fruits" of same, it is imperative that evidence of any electronic surveillance or other

eavesdropping be disclosed.

                                       Respectfully submitted:

/S/_____
ROBERT O. SWITZER
State Bar No. 19590300
111 Soledad St, Suite 1200
San Antonio, TX 78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion for Disclosure of Electronic and Other Surveillance has been mailed to the U.S. Department of Justice, United States Attorney's Office 555 Fourth Street, NW, Room 5919, Washington, DC 20530, on this the 9th day of March 2007.

/S/_____

ROBERT O. SWITZER