```
------------------------------------------
UNITED STATES OF AMERICA        :
     v.                         :
JEFFREY S. MILLS,               :
RODERIC L. BOLING, AND          :   Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                    :
                                :
          Defendants            :
                                :
------------------------------------------
```

MEMORANDUM OF LAW

[MOTION FOR ORDERING OF GOVERNMENT'S PROOF
OR FOR SEPARATE HEARING TO DETERMINE EXISTENCE
OF CONSPIRACY FOR INVOCATION OF RULE 801(d)(2)(E),
FED. R. CRIM. PROC., WITH AUTHORITIES]

(RULE 104, F.R.EV. HEARINGS)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR DISTRICT OF COLUMBIA, WASHINGTON DC:

SEPARATE HEARING ON ADMISSIBILITY

Defendant is charged by Indictment with conspiracy and the Federal Rules of Evidence and the law in the Circuit would allow proof of co-conspirator's hearsay statements if it appears during trial that a conspiracy existed and the other requisites of Rule 801(d)(2)(E) are met. *United States v. James* (4th Cir. 1976) 542 F.2d 186, at p. 202, n.11; *United States v. Joyce* (7th Cir. 1974) 499 F.2d 9, at pp. 16-17; *United States v. Krohn* (10th Cir. 1978) 573 F.2d 1382; *United States v. Dawson* (5th Cir. 1978) 576 F.2d 656.  However, Rule 104(a) vests in the trial court with the responsibility of determining questions of admissibility such as statements of co-conspirators made "during the course" and "in furtherance" of a conspiracy pursuant to Rule 801(d)(2)(E), Fed. R. Crim. Proc., *United States v. Petrozziello* (1st Cir. 1977) 548 F.2d 20, at p. 23.

In an *en banc* decision the Fifth Circuit has applied Rule 104(a), F.R.Ev. to such co-conspirator's hearsay statements, holding that under Rule 104(a) the trial judge must rule preliminarily on the admissibility of co-conspirator's declarations out of the presence and hearing of the jury. *United States v. James* (5th Cir. 1979) 590 F.2d 575.

Rule 104 provides in pertinent part that "[P]reliminary questions concerning . . . the admissibility of evidence shall be determined by the Court" [Rule 104(a), Fed. R. Crim. Proc.] and that when the accused "so requests" and is a witness, hearings on such preliminary matters shall be "conducted out of the hearing of the jury" [Rule 104(c), F.R.Ev.].

HIGHER STANDARD ON ADMISSIBILITY<br>(BEYOND A REASONABLE DOUBT)

That at said hearing, in determining the admissibility of such statements under the Federal Rules of Evidence [R. 104(a)] this Honorable Court should apply a higher standard that merely a "prima facia" showing of the showing of the existence of a conspiracy existed which is required under the New Rules, Rule 104(a), F.R.Ev.; *United States v. Petrozziello, Supra*, at p.23; Advisory Committee Notes to Rule 801(a)(2)(E) [indicating that "the agency theory of conspiracy is at best a fiction and ought not to serve as a basis for admissibility beyond that already established"]. *See also United States v. Martorano* 561 F.2d 406 (1st Cir. 1970). While the 1st and 5th circuits have held that a "preponderance of the evidence" test standard applied retrospectively when all the evidence has been admitted], it is submitted that this Honorable Court should require the Government to prove the existence of the conspiracy, defendant's participation therein, and that the statements sought to be admitted were made "during the course" and "in furtherance" of that conspiracy at the time they were made "beyond a reasonable doubt" before admitting any such statements of co-conspirators pursuant to Rule 801(d)(2)(E), Fed. R. Crim. Proc., before the jury. See 1 Weinstein's Evidence, paragraph

104[05], at p. 105-44 [suggesting the criminal standard requiring proof beyond a reasonable doubt].

In any event, the evidence considered by the trial court in determining the admissibility of the co-conspirator's hearsay statements, it may consider only credible evidence independent of the hearsay declarations themselves, and the actual disputed statements themselves may form no part of the basis for that declaration. *United States v. James, Supra*.

Respectfully submitted:

/S/
ROBERT O. SWITZER
State Bar No. 19590300
111 Soledad St, Suite 1200
San Antonio, TX  78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law [Motion for Ordering of Government's Proof or for Separate Hearing to Determine Existence of Conspiracy for Invocation of Rule 801(d)(2)(E), Fed. R. Crim. Proc. With Authorities] (Rule 104, F.R.Ev. Hearings) has been mailed to the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC 20530 on this the 9th day of March 2007.

/S/
ROBERT O. SWITZER