```
-------------------------------------------
UNITED STATES OF AMERICA        :
     v.                         :
JEFFREY S. MILLS,               :
RODERIC L. BOLING, AND          :    Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                    :
                                :
          Defendants            :
                                :
-------------------------------------------
```

## MOTION TO PROHIBIT PRIOR JURY SERVICE
## IN SIMILAR CASES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR DISTRICT OF COLUMBIA, WASHINGTON DC:

Now comes the defendant, JEFFREY S. MILLS, who by and through his undersigned Counsel and pursuant to the "Due Process" Clause of the Fifth Amendment and the defendant's right to an "impartial jury" guaranteed by the Sixth Amendment, and in order to effectively exercise his "peremptory challenges" of perspective jurors pursuant to Rule 24(b) of the Federal Rules of Criminal Procedure, moves this Honorable Court to prohibit any juror selected for service in this trial from sitting on any case similar in fact or legal issue or in any case in which essentially the same government witnesses will testify, and for such other and further relief as this Honorable Court may deem just and proper.

    Respectfully submitted:

    /S/_____
    ROBERT O. SWITZER
    State Bar No. 19590300
    111 Soledad St, Suite 1200
    San Antonio, TX  78205-3192
    (210) 299-1053 Telephone
    (210) 299-1482 Facsimile
    Attorney for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Motion to Prohibit Prior Jury Service in Similar Cases has been mailed to the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC 20530 on this the 9th day of March 2007.

/S/
ROBERT O. SWITZER

```
-------------------------------------------
UNITED STATES OF AMERICA         :
    v.                           :
JEFFREY S. MILLS,                :
RODERIC L. BOLING, AND           :    Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                     :
                                 :
        Defendants               :
                                 :
-------------------------------------------
```

### ORDER

On this date came on to be considered Defendant's Motion to Prohibit Prior Jury Service and said Motion is hereby

(GRANTED)   (DENIED).

ENTERED this _____ day of _____, 2007.

_____
U.S. DISTRICT JUDGE

```
------------------------------------------
UNITED STATES OF AMERICA          :
     v.                           :
JEFFREY S. MILLS,                 :
RODERIC L. BOLING, AND            :    Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                      :
                                  :
           Defendants             :
                                  :
------------------------------------------
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
PROHIBIT PRIOR JURY SERVICE IN SIMILAR CASES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR DISTRICT OF COLUMBIA, WASHINGTON DC:

In effectuating a defendant's Constitutionally guaranteed rights to "Due Process" an "impartial jury" under the Fifth and Sixth Amendments respectively, Rule 24(b) of the Federal Rules of Criminal Procedure expressly provides that a criminal defendant charged with a non-capitol felony offense is entitled to "10 peremptory challenges". The Fifth Circuit had repeatedly" . . . recognized the importance of peremptory challenges in assuring the selection of that fair and impartial jury to which each criminal defendant is entitled." *United States v. Mutchler* (5th Cir. 1977) 559 F.2d 955, at p. 958; *United States v. Ledee* (5th Cir. 1977) 549 F.2d 990, at p. 993; *United States v. Montelongo* (5th Cir. 1975) 507 F.2d 639, at p. 641.

The Fifth Circuit in Mutchler further recognized that a "perspective jurors' prior service in similar cases" is an important factor and ". . . may be vital to peremptory challenges". *United States v. Mutchler, Supra*, at pp. 958-9.

> `That appellants were entitled to develop on voir dire some information regarding
> perspective jurors'. *See United States v. Ochoa*, 543 F.2d 564 (5th Cir. 1976); *United States v. Montelongo* . . .Antecedent jury service

> may be vital to peremptory challenges... [P]eremptory challenges represent an assumption in our advisory system that a party and his advocate can frequently discern bias in a perspective juror that cannot be extracted from his mouth in so many words. A juror who honestly swears to his impartiality may still be rightfully challenged.

*United States v. Mutchler, Supra*, at pp. 958-9.

Where a juror serves on another case after his selection but before the trial in a particular cause, the information trial counsel obtained at voir dire regarding prior jury service is rendered meaningless. Such a procedure "deprives defense counsel of `necessary information' upon which to base an effective exercise of peremptory challenges." *United States v. Mutchler, Supra*, at p. 958.

Accordingly, in *Mutchler* the Fifth Circuit held that "once counsel for the government and the defendant have exhausted their peremptory challenges and struck a jury, a designated juror must not sit on a similar case or one involving the same witnesses prior to the trial for which he was first selected." *United States v. Mutchler, Supra*, at p. 959.

> "[W]e must rule that once a jury is struck, the designates cannot serve prior to trial in other cases similar in fact and legal issue or in cases in which the same government witnesses testify."

*United States v. Mutchler, Supra*, at p. 960.

Respectfully submitted:

_____
ROBERT O. SWITZER
State Bar No. 19590300
111 Soledad St, Suite 1200
San Antonio, TX 78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum has been mailed to the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC  20530 on this the 9th day of March 2007.

_____

ROBERT O. SWITZER

```
------------------------------------------
UNITED STATES OF AMERICA         :
    v.                           :
JEFFREY S. MILLS,                :
RODERIC L. BOLING, AND           :     Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                     :
                                 :
           Defendants            :
                                 :
------------------------------------------
```

MOTION IN LIMINE

["OTHER CRIMES" AND UNCHARGED MISCONDUCT]
(RULE 103, 104, 403, 404(B) and 609, F.R. Ev.)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR DISTRICT OF COLUMBIA, WASHINGTON DC:

Now comes the defendant, JEFFREY S. MILLS, who by and through his undersigned Attorney, moves this Honorable Court before trial in Limine pursuant to Rules 103 and 104 of the Federal Rules of Evidence for an Order instructing the Attorney for the Government, his representatives and witnesses to refrain from making any direct or indirect reference whatsoever, at trial before the jury of any other extraneous crimes or misconduct by the accused or other defense witnesses other than those specifically set out in the indictment presented in the above entitled and numbered cause or any crimes or misconduct until a hearing has been held outside the presence of the jury to determine the following:

(1) Whether defendant or witness was formally charged and convicted within the past ten (10) years of said criminal conduct and said conviction carried a maximum punishment of more than one (1) year or said criminal offense involved dishonesty or false statements and would be admissible for impeachment purposes pursuant to Rule 609, F.R. Ev.

(2) If no conviction and not offered for impeachment purposes, then

       whether said "other crimes" or misconduct fits one of the exceptions to the general rule excluding such evidence tending to prove general character pursuant to Rule 404(b), Fed. R. Crim. Proc., and then only in rebuttal.

(3)     Even if said "other crimes" were to constitute one of the Rule 404(b) exceptions, whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading, unnecessary or cumulative pursuant to Rule 403, F.R.Ev..

And as grounds therefore the defendant would respectfully show unto this Honorable Court the following:

I.

That the defendant, JEFFREY S. MILLS may wish to take the stand and testify in his own behalf in said cause and may call witnesses on his behalf.

II.

That should the Attorney for the Government, his representative, or his witness be allowed to introduce evidence, make reference to, cross-examine the defendant or defense witnesses with respect to, or otherwise leave the jury with an impression with respect to any other and extraneous crimes or misconduct by the accused or his witnesses other than those specifically set out in the Indictment presented herein would allow the Attorney for the Government to get before the jury the fact that the defendant or other defense witnesses committed other and extraneous offenses than the one for which he is on trial herein, which are remote in time and which are not relevant to the question of the defendant's or other defense witnesses' truthfulness and veracity and would further allow the Attorney for the Government to get before the jury other crimes which do not constitute an exception to the rule against such general character evidence or which is prejudicial or not needed by the Government in their case in chief or which is immaterial and unnecessary to the disposition of

this case.

III.

That an ordinary objection during the course of trial even sustained with proper instructions to the jury will not remove such effect in view of its highly prejudicial content.

WHEREFORE, the defendant, JEFFREY S. MILLS, prays that this Honorable Court order and instruct the Attorney for the Government, its representatives and its witnesses not to elicit or give testimony respecting, allude to, cross-examine respecting, mention, or refer to any misconduct or alleged violations of the law, and to instruct the Attorney for the Government, his representatives and witnesses not to elicit or give any testimony respecting, cross-examine respecting, mention or refer to any prior convictions in the presence of the jury and before this Honorable Court to determine the above set out relevant factors.

Respectfully submitted:

ROBERT O. SWITZER
State Bar No. 19590300
111 Soledad St, Suite 1200
San Antonio, TX  78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing Motion in Limine has been mailed to .the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC  20530 on this the 9th day of March 2007.

_____

ROBERT O. SWITZER

```
-------------------------------------------
UNITED STATES OF AMERICA          :
     v.                           :
JEFFREY S. MILLS,                 :
RODERIC L. BOLING, AND            :       Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                      :
                                  :
          Defendants              :
                                  :
-------------------------------------------
```

ORDER

On this this date came on to be considered Defendant's Motion in Limine, and said Motion is hereby

(GRANTED)    DENIED).

ENTERED this _____ day of _____, 2007

_____
U.S. DISTRICT JUDGE

```
------------------------------------------
UNITED STATES OF AMERICA        :
     v.                         :
JEFFREY S. MILLS,               :
RODERIC L. BOLING, AND          :      Case No. 1:06-CR-00228-ESH-1
ANNA BOLING,                    :
                                :
          Defendants            :
                                :
------------------------------------------
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
["OTHER CRIMES" AND MISCONDUCT EVIDENCE]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR DISTRICT OF COLUMBIA, WASHINGTON DC:

REQUIREMENT OF HEARING

RULE 104(c)

With respect to "other crimes" evidence offered against defendant JEFFREY S. MILLS, Rule 104(c) of the Federal Rules of Evidence expressly mandates that "[H]earings on . . . preliminary matters" such as the admission of evidence of criminal conduct other than that charged in the indictment "shall be . . . when the interests of justice require or, when the accused is a witness, if he so requests".  Defendant, JEFFREY S. MILLS, has so requested.

RULE 103(c)

More importantly, Rule 103(c) of the Federal Rules of Evidence requires that to the extent practicable" . . . so as to prevent inadmissible evidence from being suggested to the jury *by any means*, such as making statements or offers of proof or asking questions in the hearing of the jury" any hearings or proceedings thereon should be conducted out of the hearing of the jury.

By its own language, the "clear purpose" of this rule is

"to prevent inadmissible evidence from being suggested to the jury by any means", 1 Louisell, *Federal*

*Evidence*. § 13, at p. 77 and "the prosecution should be required to make a proffer of other crimes evidence outside the hearing of the jury.

2 Louisell, *Supra*, § 140, at p. 120.

This requirement of an "offer of proof" of such inherently prejudicial "other crimes" evidence outside the hearing of the jury has the salutory effect of shielding the jury from potentially inadmissible and prejudicial evidence, provides the trial court with an opportunity to thoughtfully balance the probative value against the prejudicial impact and allows the trial court to make a determination as to whether it might be more desirable to defer admitting such evidence until the Government's rebuttal. *United States v. Bailey* (D.C. Cir. 1974) 505 F.2d 417, cert. den. 420 U.S. 961. See also: *United States v. Wolf* (10th Cir. 1977) 561 F.2d 1376, at p. 1376 and 1382 (dicta).

> "[T]he trial judge should not have made even a preliminary ruling on the admissibility of the other offenses evidence in the government's case-in-chief without requiring a proffer of that evidence out of the hearing of the jury. Such a proffer serves three purposes. First, as with the banning of the mention of other offenses in opening statements, it shields the jury from potentially inadmissible prejudicial evidence. Secondly, it gives the trial judge a basis on which to balance the probative value against the prejudicial effect of the evidence. Finally, it allows the trial judge to probe as to whether it might be more desirable to defer admitting the evidence until the government's rebuttal." *United States v. Bailey, Supra*, at p. 420.

## IMPEACHMENT
### (RULE 609)

In order for an offense to be admissible for impeachment purposes, Rule 609 requires evidence that the witness was in fact "convicted of the crime" [and released from confinement, if any, within the previous ten (10) years] and that such offense is "punishable by death or imprisonment in excess of one year [and the Court determines the probative value outweighs its prejudicial effect] or that such offense involved "dishonesty or false statement" regardless of the punishment.

## OTHER CRIMES
(RULE 404(b)

While evidence of "other crimes" is not admissible "to prove the character of a person in order to show he acted in conformity therewith", R. 404(b), F.R.Ev., the Rule sets out specific exceptions regarding certain issues which would warrant admission of such evidence.  However, such issue [eg. intent, identity, motive, etc.] must in fact be raised by the evidence, and there must be a genuine need for such "other crimes" evidenced by the Government on that particular issue.  *United States v. Silva* (5th Cir. 1978) 580 F.2d 144; *United States v. Beechum* (5th Cir. 1978) 587 F.2d 443.

### OTHER CRIMES EVIDENCE ONLY ADMISSIBLE ON REBUTTAL

Furthermore, it would generally be impossible to ascertain what elements will in fact be in issue until the defense has presented its evidence, if any, and accordingly, such other crimes evidence should be admitted only on rebuttal, in order to insure such issue is in fact raised. *United States v. Halpern*, 590 F.2d 422 (1978).

## BALANCING TEST
(RULE 403)

In any event, regardless of whether such evidence meets an exception such as set out in Rules 609 or 404(b) the Court must nevertheless exclude such evidence where its probative value is outweighed by its prejudicial impact, confusion of the issues, misleading the jury or is cumulative. Rule 403, F.R.Ev., and the probative value and any corresponding legitimate need by the Government to proffer such evidence becomes "slight" where evidence relating to the issue in dispute could be established by other evidence, stipulates or is not contested by the defendant.  *United States v. Beechum, Supra*.

## CONCLUSION

3

Accordingly, in order to determine these issues, this Honorable Court should require the Attorney for the Government to proffer any evidence of "other crimes or misconduct" for ruling as to admissibility and objection, if any, to the Court, out of the hearing of the jury.

        Respectfully submitted:

        _____
        ROBERT O. SWITZER
        State Bar No. 19590300
        111 Soledad St, Suite 1200
        San Antonio, TX  78205-3192
        (210) 299-1053 Telephone
        (210) 299-1482 Facsimile
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing Memorandum of Law in Support of Motion in Limine ["Other Crimes" and Misconduct Evidence] has been mailed to the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC  20530 on this the 9th day of March 2007.

        _____
        ROBERT O. SWITZER