---------------------------------------------

UNITED STATES OF AMERICA  **:**

   **v.**        **:**

**JEFFREY S. MILLS,**    **:**

**RODERIC L. BOLING, AND**  **:**  **Case No. 1:06-CR-00228-ESH-1**

**ANNA BOLING,**     **:**

           **:**

     **Defendants**  **:**

           **:**

---------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE ["OTHER CRIMES" AND MISCONDUCT EVIDENCE]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR DISTRICT OF COLUMBIA, WASHINGTON DC:

## REQUIREMENT OF HEARING

### RULE 104(c)

With respect to "other crimes" evidence offered against defendant JEFFREY S. MILLS, Rule 104(c) of the Federal Rules of Evidence expressly mandates that "[H]earings on . . . preliminary matters" such as the admission of evidence of criminal conduct other than that charged in the indictment "shall be . . . when the interests of justice require or, when the accused is a witness, if he so requests".  Defendant, JEFFREY S. MILLS, has so requested.

### RULE 103(c)

More importantly, Rule 103(c) of the Federal Rules of Evidence requires that to the extent practicable" . . . so as to prevent inadmissible evidence from being suggested to the jury *by any means*, such as making statements or offers of proof or asking questions in the hearing of the jury" any hearings or proceedings thereon should be conducted out of the hearing of the jury.

By its own language, the "clear purpose" of this rule is

"to prevent inadmissible evidence from being suggested to the jury by any means", 1 Louisell, *Federal*

*Evidence*. § 13, at p. 77 and "the prosecution should be required to make a proffer of other crimes evidence outside the hearing of the jury.

2 Louisell, *Supra*, § 140, at p. 120.

This requirement of an "offer of proof" of such inherently prejudicial "other crimes" evidence outside the hearing of the jury has the salutory effect of shielding the jury from potentially inadmissible and prejudicial evidence, provides the trial court with an opportunity to thoughtfully balance the probative value against the prejudicial impact and allows the trial court to make a determination as to whether it might be more desirable to defer admitting such evidence until the Government's rebuttal. *United States v. Bailey* (D.C. Cir. 1974) 505 F.2d 417, cert. den. 420 U.S. 961. See also: *United States v. Wolf* (10th Cir. 1977) 561 F.2d 1376, at p. 1376 and 1382 (dictal).

> "[T]he trial judge should not have made even a preliminary ruling on the admissibility of the other offenses evidence in the government's case-in-chief without requiring a proffer of that evidence out of the hearing of the jury. Such a proffer serves three purposes. First, as with the banning of the mention of other offenses in opening statements, it shields the jury from potentially inadmissible prejudicial evidence. Secondly, it gives the trial judge a basis on which to balance the probative value against the prejudicial effect of the evidence. Finally, it allows the trial judge to probe as to whether it might be more desirable to defer admitting the evidence until the government's rebuttal." *United States v. Bailey, Supra*, at p. 420.

## IMPEACHMENT
### (RULE 609)

In order for an offense to be admissible for impeachment purposes, Rule 609 requires evidence that the witness was in fact "convicted of the crime" [and released from confinement, if any, within the previous ten (10) years] and that such offense is "punishable by death or imprisonment in excess of one year [and the Court determines the probative value outweights its prejudicial effect] or that such offense involved "dishonesty or false statement" regardless of the punishment.

2

## OTHER CRIMES
(RULE 404(b))

While evidence of "other crimes" is not admissible "to prove the character of a person in order to show he acted in conformity therewith", R. 404(b), F.R.Ev., the Rule sets out specific exceptions regarding certain issues which would warrant admission of such evidence. However, such issue [eg. intent, identity, motive, etc.] must in fact be raised by the evidence, and there must be a genuine need for such "other crimes" evidenced by the Government on that particular issue. *United States v. Silva* (5th Cir. 1978) 580 F.2d 144; *United States v. Beechum* (5th Cir. 1978) 587 F.2d 443.

## OTHER CRIMES EVIDENCE ONLY ADMISSIBLE ON REBUTTAL

Furthermore, it would generally be impossible to ascertain what elements will in fact be in issue until the defense has presented its evidence, if any, and accordingly, such other crimes evidence should be admitted only on rebuttal, in order to insure such issue is in fact raised. *United States v. Halpern*, 590 F.2d 422 (1978).

## BALANCING TEST
(RULE 403)

In any event, regardless of whether such evidence meets an exception such as set out in Rules 609 or 404(b) the Court must nevertheless exclude such evidence where its probative value is outweighed by its prejudicial impact, confusion of the issues, misleading the jury or is cumulative. Rule 403, F.R.Ev., and the probative value and any corresponding legitimate need by the Government to proffer such evidence becomes "slight" where evidence relating to the issue in dispute could be established by other evidence, stipulates or is not contested by the defendant. *United States v. Beechum, Supra*.

## CONCLUSION

3

Accordingly, in order to determine these issues, this Honorable Court should require the Attorney for the Government to proffer any evidence of "other crimes or misconduct" for ruling as to admissibility and objection, if any, to the Court, out of the hearing of the jury.

Respectfully submitted:


/S/_____

ROBERT O. SWITZER
State Bar No. 19590300
111 Soledad St, Suite 1200
San Antonio, TX  78205-3192
(210) 299-1053 Telephone
(210) 299-1482 Facsimile
Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing Memorandum of Law in Support of Motion in Limine ["Other Crimes" and Misconduct Evidence] has been mailed to the United States Attorney's Office, 555 Fourth Street, NW, Room 5919, Washington, DC  20530 on this the 9th day of March 2007.


/S/_____

ROBERT O. SWITZER

1