UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-228 (ESH) |
| : | |
| v. : | |
| : | |
| JEFFREY S. MILLS : | |
| RODERIC L. BOLING; AND : | |
| ANNA BOLING, : | |
| : | |
| Defendants. : | |

**REPLY TO DEFENDANT ANNA BOLING'S OPPOSITION TO
GOVERNMENT'S MOTION *IN LIMINE* TO STRIKE POTENTIAL
EXPERT TESTIMONY FROM WITNESSES RETAINED BY ANNA BOLING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files this Reply to Defendant Anna Boling's Opposition to Government's Request for an Order from this Court to Strike Expert Testimony from Anna Boling. This Reply responds specifically to three items discussed in Defendant's opposition.

First, Rule 16 does not allow defense counsel to wait until the last minute before trial to provide expert notice and a summary of their opinions. Counsel appears to believe that Rule 16 notice is only triggered when a defendant decides to call an expert witness at trial. See Defendant Anna Boling Opposition at 3 (no notice necessary "unless she *intends to use the testimony* at trial"(emphasis in original)). Under this view, defendants could avoid all expert notice requirements by waiting until the beginning of the defense case-in-chief to decide whether they "intend to use the testimony." This Court's pretrial scheduling Order which required expert notice by February 16, 2007, and Rule 16 were intended to avoid this exact scenario. See Federal Criminal Rules Handbook (West 2006) at 817 (quoting *Advisory Committee Notes to the 1993 Amendments to Rule 16* (Rule 16(b)(1)(C) was created to "minimize surprise that often results

from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross examination")). To date, Defendant Anna Boling has still not provided proper expert notice, as she has not identified what her expert witness will or may testify about, or the bases of those opinions. It is also unclear whether the government would have sufficient time to order and obtain the defendant expert's prior testimony and expert reports prior to trial. In truth, without such notice it is impossible for the government to identify an expert, let alone determine whether it needs to hire one. As such, the government is uncertain whether it will be able to secure an audio expert witness for trial at this late date.

Second, there is no basis to believe that a defense audio expert can provide relevant evidence in this case. The Government understands that there is no good faith basis for Defendant Anna Boling to introduce witness testimony at trial that the voice on the voicemails does not belong to Anna Boling. Accordingly, at this stage it is difficult to imagine how an expert could provide testimony relevant to a contestable trial issue.

Lastly, the government is not "complicit in the unavailability of the experts reports and findings." During discovery, government counsel has turned over, or made available to all defendants, all audio recordings in its possession, and informed Anna Boling's counsel that the material and assistance that she now belatedly requests from the United States is not in the possession or control of the United States. Instead, the requested information appears to reside exclusively with non-government third party corporations such as Telephone Broadcasting

Company, LLC, and J2 Global.[1] Any suggestion that the Government is to blame for counsel's "inability" to provide expert notice is merely a smokescreen. The reality is that counsel did not seek to hire an expert until well after the Court's expert notice deadline, and has refused to provide sufficient expert notice despite repeated requests by government counsel.

## CONCLUSION

The government hereby respectfully requests that this Court strike any expert testimony sought to be introduced by Ms. Boling, and specifically any testimony by persons associated with Bek Tek LLC.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia


By:    _____/s_____
TEJPAL S. CHAWLA
D.C. Bar No. 464012
Jonathan R. Barr
D.C. Bar No. 437334
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2442 (Chawla)
(202) 514-9620 (Barr)

---

[1] Telephone Broadcast Company and its employees are represented by Larry Gondelman of Power, Pyles, Sutter & Verville, P.C., who can be contacted at 202-466-6550. The contact number fore J2 Global Communications is 323-817-3217.

## CERTIFICATE OF SERVICE

I hereby CERTIFY that a copy of the foregoing Reply Defendant Anna Boling's Opposition to Government's Motion in *Limine* to Strike Potential Expert Testimony From Witnesses Retained by Anna Boling has been sent by ECF filing to counsel for the defendants:

Robert O. Switzer, Esq. (defendant Jeffrey Mills)

Thomas Abbenante, Esq. (defendant Roderic Boling)

Joann Roney Hepworth, Esq. (defendant Anna Boling)

this 5th day of April, 2007.

_____/s/_____
Tejpal S. Chawla
ASSISTANT UNITED STATES ATTORNEY