UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 06-228 (ESH) |
| v. | : |
| JEFFREY S. MILLS<br>RODERIC L. BOLING; AND<br>ANNA BOLING, | : |
| Defendants. | : |

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

Pursuant to this Court's Order and Rule 24(a), the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests the Court to include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendants.

**A.**   **Introduction**

1. This is a criminal case. The defendants, JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING, have been charged with the commission of federal crimes in an Indictment returned by a grand jury sitting in this district. The Indictment in this case charges the defendants with participating in a conspiracy to commit securities fraud and wire fraud, in connection with a scheme to defraud the investing public through the fraudulent promotion of the publicly traded stock of several different companies using fraudulent hoax voicemails that were distributed to answering machines and voicemail systems throughout the United States in July and August, 2004. The Indictment also charges the defendants with the substantive crimes of

wire fraud, securities fraud, and aiding and abetting and causing an act to be done in connection with a scheme to defraud the investing public regarding the purchase and sale of stock in these companies. There are seven publicly traded companies that are identified in the Indictment as having been promoted using fraudulent hoax voicemails:

    (1)    American Multiplexer Corp., which traded during the relevant period under the symbol "AMUT;"

    (2)    Donini, Inc., which traded during the relevant period under the symbol "DNNI";

    (3)    5G Wireless Communications, Inc., which traded during the relevant period under the symbol "FGWC;"

    (4)    Innovative Food Holdings, Inc., which traded during the relevant period under the symbol "IVFH";

    (5)    Maui General Store, Inc., which traded during the relevant period under the symbol "MAUG;"

    (6)    Power3 Medical Products, Inc., which traded during the relevant period under the symbol "PWRM"; and

    (7)    Twister Networks, Inc., which traded during the relevant period under the symbol "TWTN".

2. Does any juror have any personal knowledge of the charges in the Indictment in this case? Has any juror read or heard about anything about this case in the media or the news that would cause him or her to feel that he or she cannot decide the fact issues of this case fairly and impartially?

**B.**     **Nature of the Charges**

3. During the trial you will hear evidence regarding the securities industry. Does the fact that charges involve the security industry or fraud alleged to have been committed in connection with the securities industry make it difficult for any of you to render a fair verdict?

4. Do any of you believe that the securities industry should not be regulated by the federal government, or that the laws governing illegal conduct should not be enforced by the federal government? Does any juror feel that he or she could not decide fairly and impartially a case involving the sale or marketing of securities?

**C.**     **Knowledge of the Trial Participants**

5. Does any juror know any of the witnesses in this case, or know anything about any of seven publicly traded companies identified in the Indictment? Witnesses that may be called by the government are: [***The Government will provide its list of potential witnesses to the Court before trial].*** The seven publicly traded companies identified in the Indictment are:

(1) American Multiplexer Corp., which traded during the relevant period under the symbol "AMUT;"

(2) Donini, Inc., which traded during the relevant period under the symbol "DNNI";

(3) 5G Wireless Communications, Inc., which traded during the relevant period under the symbol "FGWC;"

(4) Innovative Food Holdings, Inc., which traded during the relevant period under the symbol "IVFH";

(5) Maui General Store, Inc., which traded during the relevant period under the

    symbol "MAUG;"

 (6) Power3 Medical Products, Inc., which traded during the relevant period under the symbol "PWRM"; and

 (7) Twister Networks, Inc., which traded during the relevant period under the symbol "TWTN".

**D.** **Relationship with the Government**

6. Do any of you know, or have any association – professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the District of Columbia, the United States Securities and Exchange Commission (also known as "SEC"), the National Association of Securities Dealers (also known as "NASD"), or the U.S. Postal Inspection Service?

7. Does any juror have any bias, prejudice or other feelings for or against law enforcement, the United States Attorney's Office, the SEC, the NASD, or the U.S. Postal Inspection Service?

8. Have you, or any of family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, the SEC, the Internal Revenue Service, the U.S. Postal Service, or the Federal Bureau of Investigation, or had any interest in any such legal action or dispute or its verdict?

9. Have you, any relative, associate, or close friend, either as an individual or in the course of his or her business, had involvement or contact with the SEC, or the NASD? Would anything about such experience make it difficult for you to hear this case fairly?

10. Have your ever been a witness or a complainant in any criminal case (for the government or the defense), state or federal?

11. Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state, or by any Congressional committee?

12. Some of the witnesses in this case will include law enforcement personnel from the U.S. Postal Inspection Service and employees of the SEC and NASD. Would you be more likely to believe or disbelieve a witness merely because he or she is associated with law enforcement, the SEC, or NASD?

13. Some of the evidence introduced at trial may include documents obtained by the SEC in its independent civil investigation. Would you be more likely to believe or disbelieve evidence merely because it was initially obtained by the SEC?

### E. Cooperating Witnesses

14. You will hear testimony in this case from one or more witnesses who have pled guilty to crimes and entered into cooperation agreements with the Government. Do you have any general feelings about the use of evidence obtained from cooperating witnesses that would make it difficult for you to render a wholly fair and impartial verdict?

15. Would you have a bias for or against the Government if it presented evidence from a cooperating witness?

### F. Individual Questions for Each Juror

16. The government respectfully requests that the Court ask each juror to state the following information:

       a.     the juror's occupation;

       b.     the name of the juror's employer;

       c.     the period of employment with that employer

       d.     the nature of the juror's work;

       e.     the information in (a)-(d) with respect to the juror's spouse or significant other; and

       f.     the educational background of each juror, including the highest degree obtained.

17. Have you ever invested in securities or held a brokerage account? If so, have you invested in mutual funds, individual stocks, both, or neither?

18. Have you ever invested in "pink sheet" or "over-the-counter" stocks, so-called penny stocks, or stocks with less than a share price of $2?

19. Have you ever gambled at a casino, or played the lottery regularly? If you have gambled at a casino, have you gambled at the Grand Casino in Gulfport, Mississippi?

20. Have you, any members of your family, or any close friends ever attended law school, taken paralegal course work, participated in a clinical program involving criminal law issues, or received any other type of legal training?

21. Have you, any members of your family, or any close friends ever worked at an advertising or telemarketing firm?

22. Are you, any of members of your family, or any close friends currently employed, or ever have been previously employed by, or involved with, any non-profit organization that advocates on criminal justice issues (including, but not limited to the Fraternal Order of Police,

the American Civil Liberties Union, the Federalist Society, or Mother's Against Drunk Driving (M.A.D.D.))?

23. Have your ever worked in the securities industry or participated in the promotion of securities?

24. Have you ever received and responded to, or arranged for, an automated telephone solicitation?

**G.**     **General Questions for the Panel**

25. Do you use a hearing aid or have any problems or difficulty hearing? Do you have any problems using earphones?

26. Do you have any problems or difficulty with your eyesight, including, but not limited to, any issues you may have with reading documents shown on an electronic monitor?

27. Does any juror have any difficulty reading or understanding English?

28. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

29. Will any person's race, gender, nationality or religion affect your ability to be a fair and impartial juror in this case?

**H.**     **Function of the Court and Jury**

30. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this

case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

31.  Can you accept the proposition that the question of punishment is for the Court alone to decide and that any possible punishment that the defendants may receive must not enter into your deliberations as to whether the defendants on trial here are guilty?

32.  It may not be a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**I.      Requested Instruction following Impaneling of the Jury**

33.  From this point until you retire to deliberate your judgement, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing about this case, whether it be in or out of this Courthouse, you should immediately report this attempt to me. In this regard, let me explain to you that the attorneys in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so. So if you should see any of them outside this Courtroom they will, and should, ignore you. Please do not think they are trying to be rude or discourteous. They will only be acting properly by doing so.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        for the District of Columbia


By:    _____/s/_____
        TEJPAL S. CHAWLA
        D.C. Bar No. 464012
        JONATHAN R. BARR
        D.C. Bar No. 437334
        Assistant U.S. Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 353-2442 (Chawla)
        (202) 514-9620 (Barr)

## CERTIFICATE OF SERVICE

      I HEREBY certify that a copy of the foregoing Government's Proposed Examination of Prospective Jurors was served via ECF to defense counsel for the following defendants on this 6th day of April, 2007:

For Anna Boling
Joanne Hepworth, Esq.

For Roderic Boling
Thomas A. Abbenate, Esq.

For Jeffrey A. Mills
Robert O. Switzer, Esq.

                                                               /s/
                                      TEJPAL S. CHAWLA
                           Assistant United States Attorney