# EXHIBIT 1

Case 1:06-cr-00228-ESH    Document 87-3    Filed 04/09/2007    Page 2 of 4



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

March 1, 2007

VIA FACSIMILE
(301) 320-3948

Joanne Roney Hepworth, Esq.
601 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20004

      Re:    Anna Boling

Dear Ms. Hepworth,

We understand that your client, Ms. Anna Boling, is interested in meeting with members of law enforcement and representatives of this Office, in connection with the criminal action, <u>United States v. Anna Boling</u>, 06-CR-228 (ESH), for a voluntary, "off-the-record" debriefing.

In order to assure that there are no misunderstandings concerning the meaning of "off-the-record," we are writing to clarify the ground rules of this and any subsequent voluntary, "off-the-record" debriefing(s) with your client. This letter will become the entire agreement between the United States Attorney's Office for the District of Columbia, by and through its undersigned attorneys, and Ms. Boling, by and through herself and you, as her legal counsel.

    (1)    Ms. Boling will provide complete, truthful, and candid responses to any and all questions put to her by attorneys and agents of the United States. Ms. Boling is not obligated to participate in the debriefing(s), and she may terminate the debriefing(s) at any time.

    (2)    Ms. Boling is **not** being offered immunity from prosecution. The government agrees only that no statements made by Ms. Boling during the voluntary, "off-the-record" debriefing(s) will be used directly against her in the government's case-in-chief at any criminal trial, except in any proceeding relating to a prosecution of Ms. Boling for perjury or obstruction of justice (at which any statements provided by Ms. Boling would be fully admissible against her during the government's case-in-chief at trial and otherwise).

    (3)    The government may make derivative use of any statements or information provided by Ms. Boling during the voluntary, "off-the-record" debriefing(s). That is, the government is free to use any statements or information provided by Ms. Boling to pursue its investigation.

(4)    Statements made by Mr. Boling during the voluntary, "off-the-record debriefing(s) may be used to impeach her testimony, or that of other witnesses presented on her behalf, in any criminal proceeding, including, but not limited to, any trial of Ms. Boling. In addition, evidence regarding such statements and information may be introduced to rebut evidence offered on Ms. Boling's behalf in any criminal proceeding, including but not limited to, any trial of Ms. Boling.

(5)    This agreement, and the debriefing(s) conducted pursuant to this agreement, do not constitute or reflect plea discussions. However, if this agreement, or the debriefing(s) conducted pursuant to this agreement, are subsequently construed to constitute or reflect plea discussions, Ms. Boling knowingly and voluntarily waives any rights that she might otherwise have derived from Rule 410 of the Federal Rules of Evidence and rule 11(f) (formerly, Rule 11(e)(6)) of the Federal Rules of Criminal Procedure, regarding the use of statements and information provided by Ms. Boling during the voluntary, "off-the-record" debriefing(s). Ms. Boling knowingly and voluntarily waives any claim that the government's derivative and evidentiary uses of her statements and information provided during the voluntary, "off-the-record" debriefing(s) (described in numbered paragraphs (3) and (4), above are or should be prohibited by Rule 410 or rule 11(f).

(6)    This agreement does not obligate the United States Attorney's Office for the District of Columbia to enter into any future plea bargain with Ms. Boling or to file any motion regarding cooperation provided by her. In addition, the government has made no representations or promises to Ms. Boling that are not expressly set forth in writing herein.

This three-page letter sets forth and constitutes the entire agreement and understanding between the United States Attorney's Office, Washington, D.C. and Ms. Boling. By affixing our signatures below, the parties will acknowledge our collective agreement to each and every term set forth above.

Please contact me at (202) 514-9620 if you have any questions or concerns.

Sincerely yours.

Jeffrey A. Taylor
UNITED STATES ATTORNEY

By: _____
Jonathan R. Barr
Assistant United States Attorney

2

I have read each page of this debriefing agreement, and its meaning has been fully explained to me by my attorney. After consultation with my attorney, I understand and agree to the contents of this letter.

3/2/2007                              /s/ Anna Boling
———————————                    ———————————————
Date                                  Anna Boling

## ATTORNEY'S ACKNOWLEDGMENT

I acknowledge that I have read each page of this debriefing agreement, reviewed it in its entirety with my client, and discussed fully with my client each of the provisions of the agreement.

3-2-2007                              /s/ Joanne Roney Hepworth
———————————                    ———————————————
Date                                  Joanne Roney Hepworth, Esq.
                                      Attorney for Anna Boling

3