UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-228 (ESH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY S. MILLS | : | |
| RODERIC L. BOLING; AND | : | |
| ANNA BOLING, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT SECOND ADDENDUM TO MOTION *IN LIMINE* TO
INTRODUCE EVIDENCE OF RODERIC L. BOLING'S
PRIOR CONVICTIONS ON CROSS EXAMINATION**

Pursuant to this Court's Order, the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby flies this second addendum to its Motion *In Limine* to Introduce Evidence of Roderic L. Boling's Prior Convictions on Cross Examination to correct the summary of defendant Roderic Boling's prior criminal convictions.

**I.   MANY OF DEFENDANT RODERIC BOLING'S CONVICTIONS SHOULD BE AUTOMATICALLY ADMISSIBLE**

**A,   Release Dates**

On February 23, 2007, pursuant to this Court's Order, the Government filed a motion to introduce prior convictions for impeachment purposes under FRE 609 with regard to Defendant Roderic Boling. On April 10, 2007, this Court ordered the Government to supplement its filing with additional information from the Florida Department of Corrections to indicate when each of Roderic Boling's several convictions would have expired while he was incarcerated. The Government has obtained the requested information, see Tab 1, and summarizes that information in the following chart.

|   | **Charge on Conviction** | **Court** | **Case Number** | **Conviction or Probation Revocation Date (latest date)** | **Sentence** | **Release Date per Florida DOC** |
|---|---|---|---|---|---|---|
| 1 | Grand Theft Third Degree- Motor Vehicle | Orange County, Florida | 90-08663 | 10/2/92 | 5 years | 9/8/95 |
| 2 | (1) Uttering-Forger; (2) Grand Theft- 3rd Degree; (3) Grand Theft- 3rd Degree[1] | Orange County, Florida | 90-13210 | 10/2/92 | 5 years | 8/31/95 |
| 3 | (1) Possession Stolen Driver's License; (2) Obstruction of Justice - Resisting Officer without Violence (misdemeanor) | Seminole County, Florida | 91-00265 | 11/5/92 | 5 years | 11/30/95 |
| 4 | Forgery | Seminole County, Florida | 90-01569 | 12/23/93 (prob. revoked) | 3 years | 3/19/97 |
| 5 | (1), (3), (4) Uttering-Forgery [x3]; (2) Grand Theft greater than $300 | Seminole County, Florida | 90-01571 | 12/23/93 (prob. revoked) | 5 years | **12/23/93(?)[2]** |
| 6 | Uttering Forgery | Orange County, Florida | 92-03990 | 3/17/94 | 3 years, 6 months | 1/22/97 |
| 7 | Uttering Forgery | Orange County, Florida | 92-11646 | 3/17/94 | 3 years, 6 months | 1/22/97 |
| 8 | Failure to Appear | Leon County, Florida | 93-01573 | 3/8/95 | 3 years & 238 days | 5/4/98 |

Based upon government records, and those in Tab 1, Roderic Boling was incarcerated continuously from December 5, 1993 until his release from confinement on May 4, 1998.

### B.    FRE 609's Ten Year Window

---

[1] To date the government has been unable to obtain a certified record for this conviction, but since it is identified in the Florida Department of Corrections records, it is included herein.

[2] This is an uncertain release date because the Florida Department of Corrections did not compute a release date for that conviction because it believed the court sentenced Roderic Boling to five years in jail with five years of credit for time served (even though Roderic Boling did not serve five years in jail prior to being sentenced). See Tab 1 at p.5. While this appears to be a highly unusual sentence (and possibly a mistake by the court) the conservative release date for this conviction is 12/23/93.

As the Court is aware, FRE 609 provides for veracity-based convictions to be automatically admitted into evidence on cross-examination unless "more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction . . ." The rule is silent as to when the clock is to run for a defendant serving time for multiple convictions simultaneously, but the Government does recognize that there is good reason to believe that FRE 609 requires a conviction by conviction analysis to determine what the defendant's release date would have been for each conviction. See United States v. Pettiford, 238 F.R.D. 33, 40 (D.D.C. 2006) (recognizing case law is "virtually non-existent" but analyzing Congressional intent and concluding rule requires conviction by conviction analysis to determine the start to the ten year clock).[3] The chart in section A shows the release dates for each of Roderic Boling's convictions.

As with the start date, FRE 609 is silent as to when the ten year window closes (date of offense, indictment, trial date, date of testimony, or some other date), or whether the court can toll the ten year window based upon the filing of an indictment or a defendant's intervening misconduct. The case law relating to the end date under FRE 609 is minimal, and there appears to be little or no consensus on which date to choose. See United States v. Jefferson, 925 F.2d 1242, 1256 (10th Cir. 1991) (noting possible options but avoiding question); Mueller and Kilpatrick, *Evidence* §6.36 at 752 (1999) ("end point of the ten year period could be indictment, the date trial begins, or the date the witness testifies"); Wright and Gold, *Federal Pract. and Proc*. §6136 at 260-61 (2005) (discussing lack of case law, possibility that ten year period ends at date of offense, indictment, trial date, or date witness testifies).

---

[3] The release date of course also includes any incarceration because of a violation of parole or probation. See, e.g., United States v. Gray, 852 F.2d 136, 139 (4th Cir. 1988); United States v. McClintock, 748 F.2d 1278, 1288 (9th Cir. 1984).

The Government believes that the ten year window should end or be equitably tolled to the date that the defendant is alleged (by grand jury indictment) to have committed the new offense. There is certainly case law supporting this position, see, e.g., United States v. Foley, 683 F.2d 273, 277 n. 5 (8th Cir.), cert. denied, 459 U.S. 1043 (1982) (calculating end of the 10 year window when new offense was committed), and courts have recognized that courts can equitably toll the ten year period based upon the defendant's misconduct, see United States v. Mullins, 562 F.2d 999, 1000 (5th Cir.), cert. denied, 435 U.S. 906 (1977) (ten year period tolled when defendant fled jurisdiction). Here, a federal grand jury has indicted Roderic Boling for a criminal conspiracy that began in July 2004 and included acts of obstructing justice (i.e. instructing Michael O'Grady to destroy evidence of the crime). See Indictment at ¶¶ 16, 24-31. Under these circumstances, the date of the offense is an appropriate end date that properly accounts for Roderic Boling's attempt to avoid prosecution. To do otherwise would allow the defendant to gain advantage from his obstructionist efforts.

Alternatively, the indictment date, rather than the trial date or the date of actual testimony, is a more appropriate date to use in this case. This position is supported by commentators, and a number of courts. See, e.g., United States v. Lorenzo, 43 F.3d 1303 (9th Cir. 1995) (using day of indictment as end point); Mueller and Kilpatrick, *Evidence* §6.36 at 752 (1999) ("The date of indictment seems preferable"); see also Jefferson, 925 F.2d at 1256 (suggesting use of indictment date to calculate 10 year period); United States v. Ras, 713 F.2d 311, 317-18 (7th Cir. 1983) (affirming trial court decision that ten year rule satisfied where indictment date of March 16, 1982 was within ten years of release from confinement). But see Pettiford, 238 F.Supp.2d at 37 (relying on Trindle v. Sonat Marine, Inc., 697 F. Supp. 879 (E.D. Pa. 1988) and stating in *dicta* that 10 year period expires when the witness actually testifies). Using the indictment date is also

preferable to the date of actual testimony because it would further policies of certainty and fairness, as it would create a firm date for all witnesses and prohibit the defendant - or the government- from profiting from a trial strategy that relies on delay to avoid previous convictions from being automatically admissible for its key witnesses.[4]

### C.  Application of Ten Year Window

The following are a few of the potential end dates that could be used in this case:

| | |
|---|---|
| Offense Dates- | July-August 2004 |
| Indictment Date- | July 27, 2006 |
| First Trial Date- | April 30, 2007 |
| New Trial Date (per defense request)- | July 9, 2007 |
| Date Defendant may testify | ? |

As discussed above, there are also potential equitable tolling periods that this Court could apply given the defendant's efforts to obstruct the investigation and prosecution of this case. Assuming that no equitable tolling periods are recognized by the Court, seven of Roderic Boling's eight convictions may be automatically admissible, depending on which date the Court uses to close the 10 year window. If the offense date is used, all but one of Roderic Boling's convictions will be automatically admissible (conviction #5). If the indictment date is used, four (of eight) of the convictions will be automatically admissible (conviction ## 4, and 6-8)**.** Even assuming the latest dates (the new trial date or the date the defendant may testify), Roderic Boling's eighth conviction, felony failure to appear, will certainly be automatically admissible under FRE 609 (so long as he testifies before May, 2008).

---

[4] Given the lack of controlling case law on point, this Court could also choose a number of other options. For example, this Court could: (1) use the date of actual trial but toll the periods of time between the offense date and the indictment date and the two trial dates so as to punish the defendant for his efforts to obstruct justice and frustrate the criminal prosecution; (2) use an end date of the indictment date plus 70 days (Speedy Trial Act period), which would be 10/10/96; or (3) use the actual date of trial but toll the ten year clock for any period that the defendant Roderic Boling has waived his speedy trial rights.

II. **ALL CONVICTIONS OVER TEN YEARS IN AGE ARE MORE PROBATIVE THAN PREJUDICIAL AND SHOULD BE ADMITTED ON CROSS-EXAMINATION**

As has been discussed in the Government's initial filing, irrespective of whether Roderic Boling's convictions are greater than 10 years old, this Court should admit the convictions pursuant to its discretionary authority under FRE 609(b). As discussed in the initial motion, a number of significant factors indicate that the "interests of justice" favor admitting these convictions. First, in this trial the government must prove the defendant's fraudulent intent, and defendant's credibility will be crucial at trial if the defendant elects to testify. See United States v. Murray, 751 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 979 (1985) (veracity conviction admissible because of importance of credibility of defendant); United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992) (admissible where defendant's veracity is at issue). Second, all of Roderic Boling's convictions are covered by Rule 609(a)(2) (involving dishonesty or false statement), and such veracity convictions "bear greatly on the credibility of a witness." United States v. Cathey, 591 F.2d 268, 276 (5th Cir. 1979); see United States v. Gilbert, 668 F.2d 94, 97 (2nd Cir. 1981), cert. denied, 456 U.S. 946 (1982) (fraud conviction over 10 years old admissible because conviction had high probative value). Third, almost all of the convictions at issue happened within (or very close in time to) the ten year period, which makes their relevance particularly strong. See, e.g., Jefferson, 925 F.2d at 1256 (conviction admissible when it was "slightly past the ten-year period"). Lastly, these convictions are particularly relevant where, as here, the defendant's ten-year window was not crime free, and the defendant has a substantial criminal history. See United States v. Holmes, 822 F.2d 802, 804-05 (8th Cir.) (holding that "the probative value of delving into convictions more than ten years old is substantially increased by the number and frequency of . . . felony convictions in the ten-year period immediately preceding

[the] last incarceration" and that where defendant had at least eight prior convictions, he was "in a poor position to claim entitlement to the presumption that the probative value of prior convictions decreases over time"); Gilbert, 668 F.2d at 97 (dated conviction admissible where defendant's history showed "he had not abandoned his earlier ways"). As the chronology below demonstrates, Roderic Boling's last 15 years show that he is not deserving of any benefit of the doubt when it comes to being truthful.

| | |
|---|---|
| 5/9/1992- 5/18/1993 | Incarcerated on 1990 and 1991 convictions |
| 5/18/1993- 6/9/1993 | Released, on parole- during release, violates parole and arrested for robbery w/ firearm in Leon County |
| 6/10/1993 | Warrant issued by Florida Parole - |
| 6/10/1993-12/5/1993 | Fugitive status- failed to appear for court in Leon County (failure to appear offense date appears to be 8/27/93)- was arrested 12/5/93 |
| 12/5/93 -5/4/1998 | Incarcerated on cases from 1990, 92, and 93 |
| 5/4/1998- 6/2004 | No charged criminal offenses |
| 7/2004-9/2004 | Criminal fraud in this case, including obstruction and destruction of evidence |
| 9/2004-7/26/06 | Investigation of this case |
| 7/27/06- present | Pending trial |

By our calculations, of the past 180 months (15 years), Roderic Boling has spent roughly half that time (47.2%) in jail, being a fugitive, committing crime, or under court supervision (parole or pre-trial).

Given defendant Roderic Boling's extensive history of committing crimes of dishonesty (eight separate convictions involving dishonesty), which are highly probative of his credibility and veracity, the United States should be permitted to cross examine Roderic Boling with evidence of all of his convictions should he choose to testify at trial. Excluding these convictions would needlessly undermine the jury's ability to evaluate Roderic Boling's testimony and create the appearance that Roderic Boling has no history of being dishonest. Justice and the truth seeking process do not countenance forcing a jury to evaluate Roderic Boling's credibility in a

vacuum, particularly where the defendant has repeatedly demonstrated that he has committed criminal acts that directly bear on his veracity. Any perceived prejudice from the admission of evidence of Roderic Boling's prior convictions during cross examination is far outweighed by the overwhelming probative value of the evidence, and can be effectively eliminated with a proper limiting instruction. For all these reasons, regardless of whether the convictions at issue are greater than 10 years old, all of Roderic Boling's convictions should be admitted into evidence if the defendant takes the stand and testifies on his own behalf.

## CONCLUSION

The government hereby respectfully requests that it be permitted to introduce, on any cross-examination of Roderic Boling, evidence of the above listed prior criminal convictions.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____/s/_____
TEJPAL S. CHAWLA
D.C. Bar No. 464012
Jonathan R. Barr
D.C. Bar No. 437334
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2442 (Chawla)
(202) 514-9620 (Barr)

# **CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing Government's Second Addendum to Motion in *Limine* to Introduce Evidence of Roderic L. Boling's Prior Convictions on Cross Examination was served via ECF to defense counsel for the following defendants on this 14th day of May, 2007:


For Anna Boling
Leslie McAdoo, Esq.

For Roderic Boling
Thomas A. Abbenate, Esq.

For Jeffrey A. Mills
Robert O. Switzer, Esq.


                                                          /s/
                                     TEJPAL S. CHAWLA
                            Assistant United States Attorney