

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 29, 2007

**FILED**

JUL 0 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VIA FACSIMILE
(210) 299-1482

Robert O. Switzer, Esq.
111 Soledad St., Suite 1200
San Antonio, TX 78205-3192

    Re:    United States v. Jeffrey S. Mills, Criminal Number 06-CR-228 (ESH)

Dear Mr. Switzer:

    This letter sets forth the full and complete plea offer to your client, Jeffrey S. Mills, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on June 30, 2007, at 7:30 p.m., **and will not be renewed thereafter.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.    <u>**Charges and Statutory Penalties**</u>

    Your client agrees to plead guilty to Count One of the pending Indictment charging the offense of Conspiracy to Commit Securities Fraud and Wire Fraud in violation of 18 U.S.C. § 371, and also Count Two of the pending Indictment charging the offense of Securities Fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff.

    Your client understands that pursuant to 18 U.S.C. § 371, the charge of Conspiracy carries a maximum sentence of 5 years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your client further understands that pursuant to 15 U.S.C. §§ 78j(b) and 78ff, the charge of Securities Fraud carries a maximum sentence of 20

years of imprisonment, a fine of $5,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss Counts Three through Nine of the pending Indictment against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2.  **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that upon execution of this plea letter, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.  **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual [November 1, 2006](hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

   A.   **Offense Level under the Guidelines**

§ 2B1.1

    (a) Base Offense Level                     7
    (b) Loss of more than $1,000,000          16
    (c) More than 50 victims                    4

§ 3B1.1 (Aggravating Role)

    (d) Organizer, manager,
         supervisor, leader.                     <u>2</u>

    TOTAL                                         29

**Acceptance of Responsibility: 3-point reduction**: Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G.

In accordance with the above, the applicable **Guidelines Offense Level is 26.**

B.  **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), it appears that your client does not have any prior criminal convictions. Accordingly, your client's **Criminal History Category is I.**

C.  **Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range (subject to any reduction based on cooperation as provided below) is 63 to 78 months** (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 26, **the applicable fine range is $12,500 to $125,000.**

The parties agree that, subject to the paragraphs in this letter concerning cooperation, under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, aside from what would be referenced in a possible motion pursuant to U.S.S.G. § 5K1.1, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

D.  **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different

from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

4.    **Cooperation**

Your client agrees to cooperate completely, candidly, and truthfully in the investigation of others by this Office, the U.S. Postal Inspection Service, the Federal Bureau of Investigation, and any other law enforcement agency identified by this Office. Specifically, your client agrees:

a.  to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b.  to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

c.  to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

d.  not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e.  not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity unless ordered to do so by a court of competent jurisdiction;

f.  to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

g.  to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

h.  to submit to any polygraph examinations that the government might request; and,

i.  to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for his benefit, and, to that end, to submit a standard

form 500 (Financial Statement of Debtor) within 30 days of his execution of this plea agreement.

5. **Departure Committee**

At the time of your client's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Your client further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

6. **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

7. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Your client agrees to make restitution to all victims of your client's criminal conduct and not merely for those victims included in the count(s) to which your client agrees to plead guilty. Your client further agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

9. **Use of Certain Information**

The parties hereby agree that, since your client has agreed to cooperate with the government, information provided by him during the course of his cooperation shall not be used against him, except:

    a. information that was known to the United States prior to the date this plea agreement was agreed to by him may be used directly or indirectly against him in any criminal proceeding;

    b. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by him as part of his cooperation may be used directly and indirectly against him; and

    c. if there is a breach of this agreement by him, as determined under the provisions of this agreement. In the event of such a breach, as set forth below, the United States retains the right to use any information provided by him directly and indirectly at any subsequent proceeding.

10. **Appeal Waiver**

It is agreed: (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

11. **Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

12. **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

**Waiver of Rights: Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.** If after signing the Plea Letter and the Statement of Offense, your client does not enter a guilty plea to Counts One and Two of the Indictment, or the Court rejects the plea, or you client withdraws his plea, the Government will be free to use against your client, directly or indirectly, in any criminal or civil proceeding, all statements, information or materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11, and including your client's signed Statement of Offense.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

13.  **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

14.  **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

15.  **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor, or the United States Securities and Exchange Commission. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor/SJD*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Jonathan R. Barr
Assistant United States Attorney

### DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Robert O. Switzer, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 7-3-07                               _____
                                           Jeffrey S. Mills
                                           Defendant

9

## ATTORNEY'S ACKNOWLEDGMENT

    I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7-3-07

Robert O. Switzer, Esquire
Attorney for the Defendant